contention. We read *N.J.S.A.* 12A:10–105 as repealing only those statutes or parts of statutes then in existence that were inconsistent with the Uniform Commercial Code. The more recent enactment, *N.J.S.A.* 3B:14–55, must prevail because it is the later expression of the legislative intent. The Uniform Fiduciaries Law, and not the Uniform Commercial Code, controls this case. *See County of Macon v. Edgcomb,* 274 *Ill.App.*3d 432, 211 *Ill.Dec.* 136, 654 *N.E.*2d 598, 602 (1995).

We thus need not determine the impact of *N.J.S.A.* 12A:3–304(2). We merely note that the comments of the Commissioners on Uniform State Laws state that "[s]ubsection (2) follows the policy of [the] Uniform Fiduciaries Act, and specifies the same elements as notice of improper conduct of a fiduciary." *U.C.C.* 3–304(2), comment 5; *see also Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho,* 118 *Idaho* 812, 800 *P.*2d 1026, 1032 (1990).

Affirmed.

723 A.2d 1000

NATHAN R. SCHNITZER, PLAINTIFF–RESPONDENT v. RUDOLPH F. RINDERER, JR., AND SANDRA RINDERER, DEFENDANTS–APPELLANTS, AND CHRISTINE R. DEHNZ, TAX COLLECTOR OF BEACHWOOD, AND BOROUGH OF BEACHWOOD, DEFENDANTS–RESPONDENTS.

NATHAN SCHNITZER, PLAINTIFF–RESPONDENT, v. RUDOLPH F. RINDERER, JR., AND SANDRA RINDERER, DEFENDANTS–RESPONDENTS, AND CHRISTINE R. DEHNZ, TAX COLLECTOR OF BEACHWOOD, AND BOROUGH OF BEACHWOOD, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 3, 1999—Decided February 19, 1999.

Before Judges KING, WALLACE and FALL.

*Dennis M. Gonski,* argued the cause for appellants Rudolph F. Rinderer and Sandra Rinderer in A–3342–97T5 and respondents in A–3498–97T5 (*Dollinger, Gonski, Grossman, Permut & Hirschhorn,* attorneys; *Mr. Gonski,* on the brief).

*Erwin C. Schnitzer,* argued the cause for respondent Nathan Schnitzer.

*Diana L. Anderson,* argued the cause for respondent in A–3498–97T5 and appellant in A–3342–97T5 Christine R. Dehnz and Borough of Beachwood (*Hiering, Hoffman & Gannon,* attorneys; *Ms. Anderson,* of counsel and on the brief).

PER CURIAM.

The judgment of the Tax Court is affirmed for the reason stated by Judge Rimm in his opinion at 17 *N.J.Tax* 136 (Tax 1998).

Affirmed.

723 A.2d 1000

IN THE MATTER OF THE GUARDIANSHIP OF
A.R.G., M.A.G., C.M.G., E.D.G., AND J.N.G.

Superior Court of New Jersey
Appellate Division

Submitted January 26, 1999—Decided February 19, 1999.